UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON LUCIEN,

    Plaintiff,

  v.

WARDEN JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-cv-2595 WBS DB P

ORDER

    Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he was subjected to cruel and unusual punishment when he was forced to sit in a cage until he urinated for urinalysis testing. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint with leave to file an amended complaint.

**IN FORMA PAUPERIS**

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations of the Complaint

Plaintiff is incarcerated at California State Prison – Sacramento ("CSP-Sac"). He identifies the following defendants: (1) Jeff Macomber, Warden of CSP-Sac; (2) Warden David Baughman; (3) Captain G. Turner; (4) C/O G. Wooden; (5) C/O C. Hord; (6) C/O N. Lor; (7) C/O Valdez; and (8) C/O Galvez. Plaintiff alleges that defendants Macomber, Baughman, and Turner have authorized correctional officers to place inmates in disciplinary holding cages until they urinate for the purpose of urinalysis tests. (Comp. (ECF No. 1) at 2-3.)

1      According to plaintiff, on January 7, 2016, defendant Wooden escorted plaintiff to a
2 holding cage and instructed him to sit in the cage and drink water until he urinated.  If plaintiff
3 refused to do so, Wooden threatened plaintiff with a disciplinary violation.  (Id. at 3.)
4      On March 23, 2016, plaintiff states that defendants Lor and Hord took him to a holding
5 cage and threated him with a disciplinary violation if he did not drink water.  Plaintiff explained
6 to the officers that he had filed an appeal of the practice of forcing inmates into holding cages
7 when they are unable to "urinate at the time officers demand" and the response he received was
8 that "Inmates are not being placed in holding cages due to U.A. testing."  (Id. at 3-4.)
9      At some point while in a holding cage, plaintiff was forced to drink water until he
10 vomited.  He was then forced to sit in his vomit until he could urinate.  He asked defendants
11 Valdez and Galvez if he could see a nurse because he did not feel well.  They refused.  (Id. at 4.)
12 In his request for relief, plaintiff states that he was unable to urinate on command because of an
13 ongoing medical condition.  (Id. at 3.)
14      Plaintiff seeks compensatory and punitive damages.  (Id.)
15 **III.    Does Plaintiff State a Potentially Cognizable Claim?**
16   Plaintiff appears to be alleging violations of the Eighth Amendment for placing him in a
17 holding cage until he urinated, for requiring him to drink large amounts of water, for forcing him
18 to sit in his vomit until he urinated, and for refusing to permit him to see a nurse.  The standards
19 for alleging an Eighth Amendment violation are set out below.
20               **1.   Eighth Amendment Standards**
21   The Eighth Amendment protects prisoners from both excessive uses of force and
22 inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
23 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S.
24 337, 347 (1981)).  In addition, prison officials violate the Eighth Amendment if they are
25 deliberately indifferent to the serious medical needs of a prisoner.  Wilson v. Seiter, 501 U.S. 294,
26 298-99 (1991).
27 ////
28 ////

4

### a. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

### b. Conditions of Confinement

To allege an Eighth Amendment claim for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013) (citing Thomas, 611 F.3d at 1150).

A lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See Johnson v. Lewis, 217 F.3d 726, 732–33 (9th Cir. 2000) (prisoners' allegations that they did not receive adequate access to toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); see also Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the

Eighth Amendment); see also Knop v. Johnson, 667 F. Supp. 467, 480 (W.D. Mich. 1987) (violation of Eighth Amendment where prison staff does not provide inmates "necessary access to toilet facilities and a washbasin and thus subject them to a substantial risk of having to defecate or urinate in their room without the benefit of a flushable toilet or a washbasin.").

### c. Deliberate Indifference to Medical Need

Finally, for Eighth Amendment claims arising out of medical care in prison, plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

### 2. Analysis

Plaintiff does not, at this point, state a cognizable claim against any defendant.  First, to the extent plaintiff is challenging his placement in a disciplinary cage until he urinated, that contention does not, alone, state a potentially cognizable claim for relief.  Plaintiff fails to allege facts sufficient to satisfy the objective component of an Eighth Amendment violation.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Farmer, 511 U.S. at 834.  "[R]outine discomfort inherent in the prison setting," as opposed to "those deprivations denying 'the minimal civilized measure of life's necessities,' " e.g., "food, clothing, shelter, sanitation, medical care, or personal safety," Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), are simply "[in]sufficiently grave to form the basis of an Eighth Amendment violation," Johnson, 217 F.3d at 731 (quoting Rhodes, 452 U.S. at 347).

Based only on the allegations currently set forth in plaintiff's complaint, the court cannot reasonably infer that defendants requiring plaintiff to be in a cage until he urinated deprived him of any of life's "minimal necessities" with "deliberate indifference" to any obvious or substantial risk of serious harm.  See Iqbal, 556 U.S. at 678; Farmer, 511 U.S. at 834, 837.  Further, requiring plaintiff to drink water does not, in itself, constitute a serious risk to his health.  Plaintiff does not allege he was forced to do so in a very short period of time or that drinking the water seriously affected his health.  While plaintiff does state that he vomited as a result of being forced to drink

water, more detail is required to understand why being forced to drink water amounted to a substantial risk to plaintiff's health.

Second, to the extent plaintiff is claiming that forcing him to sit in his vomit until he urinated violated the Eighth Amendment, his claim is insufficiently specific. Plaintiff does not explain who forced him to sit in his vomit or how long he was required to do so.

Third, to the extent plaintiff is claiming he was denied medical care. He fails to show that he had a "serious medical need," that defendants knew of that need and were deliberately indifferent to it, or that the failure to permit him to see a nurse caused him any harm.

Plaintiff's complaint will be dismissed for failure to state a claim. However, he will be given the opportunity to amend his complaint to attempt to state a cognizable claim against at least some defendants.

## AMENDING THE COMPLAINT

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in a recommendation that this case be dismissed.

////

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/luci2595.scrn