UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARON LUCIEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　　Defendants. | No. 2:16-cv-2595 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he was subjected to cruel and unusual punishment when he was forced to sit in a holding cage until he urinated for urinalysis testing. Before the court are plaintiff's motion for the appointment of counsel and first amended complaint for screening. For the reasons set forth below, the court finds plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Wooden, finds plaintiff fails to state cognizable claims against the remaining defendants, and denies the motion for appointment of counsel.

**SCREENING**

**I.　　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

1

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Analysis**

**A.  Allegations of the Complaint**

Plaintiff is an inmate at California State Prison-Corcoran.  The conduct that is the subject of his complaint occurred when he was incarcerated at California State Prison-Sacramento ("CSP-Sac").  Plaintiff identifies the following defendants:  Warden Jeff Macomber, Warden Baughman, Captain Turner, Lieutenant Boe, and Correctional Officer Wooden.  (ECF No. 18 at 3-4.)

Plaintiff contends that defendant Wooden arrived at his cell without warning and ordered him to urinate for a urinalysis test.  When plaintiff told Wooden he was unable to urinate at that time, Wooden took plaintiff to a holding cage until he was able to do so.  Wooden told plaintiff he would receive a rules violation report for not urinating and instructed plaintiff to drink water until he did.  Plaintiff then drank "excessive amounts of water" that caused him to vomit.  He was forced to stay in the holding cage "wallowing in the vomit" for hours.  (ECF No. 18 at 5-10.)

Plaintiff states that he filed a grievance about Wooden's conduct.  Defendants Macomber, Baughman, Turner, and Boe reviewed his appeals at various levels and denied them.  Plaintiff contends those defendants thus "tacit[ly] authoriz[ed]" Wooden's behavior.  (ECF No. 18 at 11-13.)

Plaintiff seeks nominal, compensatory, and punitive damages.  (ECF No. 18 at 14.)

### B. Does Plaintiff State a Cognizable Claim for Relief?

Plaintiff is essentially seeking relief for two things: (1) being forced to drink water, which caused him pain and vomiting, and (2) being forced to stay for hours in the holding cage where he had vomited. With respect to being "forced" to drink water, plaintiff's description of Wooden's behavior does not indicate plaintiff was being forced. Plaintiff states only that Wooden "instructed" him to drink the water. While Wooden threatened plaintiff with an RVR if he did not urinate, it does not appear Wooden threated plaintiff if he failed to drink the water. And, while plaintiff says he drank "excessive" amounts of water, he does not say how quickly he did so or explain in any more detail just how much he drank. On the facts alleged, the court finds plaintiff has not stated a cognizable claim that Wooden's conduct in instructing him to drink water violated the Eighth Amendment. Wooden's conduct was only "excessive force" if it was force "'applied . . . maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Plaintiff's allegations do not create an inference or otherwise show that Wooden's conduct was so egregious.

Plaintiff has a better claim that being forced to stand or sit in his vomit for hours was an inhumane condition of confinement. A lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See Johnson v. Lewis, 217 F.3d 726, 732–33 (9th Cir. 2000) (prisoners' allegations that they did not receive adequate access to toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); see also Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment); see also Knop v. Johnson, 667 F. Supp. 467, 480 (W.D. Mich. 1987) (violation of Eighth Amendment where prison staff does not provide inmates "necessary access to toilet facilities and a washbasin and thus subject them to a substantial risk of having to defecate or urinate in their room without the benefit of a flushable toilet or a washbasin."). The court finds plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Wooden regarding this condition of his confinement.

Plaintiff has not, however, stated claims against the remaining defendants. Denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013). Plaintiff may establish liability by appeals review defendants only by showing that: (1) they were made aware of conduct that was causing injury to plaintiff, (2) the conduct and resulting injury were ongoing, (3) they had authority to act to prevent that conduct from continuing, and (4) they failed to take any actions to prevent the conduct and injury to plaintiff from continuing. See Henderson v. Muniz, 196 F. Supp. 2d 1092, 1104 (N.D. Cal. 2016) ("[W]here a grievance puts a prison official on notice of an ongoing violation, the prison official's knowing failure to respond to an inmate's request for help may establish § 1983 liability.") (citing Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006)). Here, plaintiff's allegations are that these defendants approved defendant Wooden's conduct after-the-fact. Those allegations do not state an actionable claim under § 1983.

### III. Conclusion

The court finds plaintiff has alleged a conditions of confinement claim against defendant Wooden. The remaining defendants should be dismissed from this action with prejudice. Plaintiff may proceed on that one claim. However, plaintiff will be given one more opportunity to amend his complaint to attempt to state a claim for excessive force against Wooden regarding drinking the water. Plaintiff is advised that he must specifically describe what occurred to permit the court to determine whether he has a cognizable Eighth Amendment claim. If plaintiff chooses not to amend his complaint, this case will proceed on his conditions of confinement claims against defendant Wooden.

### FILING AN AMENDED COMPLAINT

As set out above, plaintiff fails to state a cognizable excessive force claim against defendant Wooden. He will be given an opportunity to do so.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests that the court appoint counsel. He contends that he is "educationally dysfunctional with a 6.0 grade level." (ECF No. 17.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated a cognizable claim regarding the conditions of his confinement against defendant Wooden. Plaintiff's remaining claims against defendant Wooden are dismissed with leave to amend, as set forth below.

2. Within thirty days of the date of this order, plaintiff may file a second amended complaint to attempt to allege an Eighth Amendment claim for excessive force against defendant Wooden. Plaintiff is reminded that he must include all allegations in the second amended complaint. In other words, he must re-allege his conditions of confinement claim as well as alleging facts to establish an excessive force claim.

////
////

3. If plaintiff chooses not to file a second amended complaint, this case will proceed on the conditions of confinement claim against defendant Wooden in the first amended complaint.

4. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied.

Further, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants Macomber, Baughman, Turner, and Boe be dismissed from this action with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/luci2595.FAC scrn